UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
———————————————————————

| | |
|---|---|
| **COUNSEL FINANCIAL SERVICES, LLC** | **NOTICE OF MOTION TO DISMISS, MOTION FOR JUDGMENT ON THE PLEADINGS, or in the alternative MOTION TO ABATE** |
| *Plaintiff,* | |
| vs. | |
| **DAVID MCQUADE LEIBOWITZ and DAVID MCQUADE LEIBOWITZ, P.C.** | |
| *Defendants.* | CIV. 09-CV-1025(S) |

———————————————————————

**PLEASE TAKE NOTICE**, that upon the annexed motion, Defendants David McQuade Leibowitz and David McQuade Leibowitz, P.C. will move this Court before the Honorable William M. Skretny at Part II, United States District Court for the Western District of New York, 68 Court Street, Buffalo, New York 14202, at a time and date to be set by this Court for an Order dismissing the complaint pursuant to Rule 12(b)(6) and Rule 12(c) of the Federal Rules of Civil Procedure, or in the alternative, abating and/or, to abstaining from taking jurisdiction of this matter, and for such other and further relief as this Court may deem just and proper.

In accordance with Local Rule 7.1, the Defendants intend to file and serve reply papers.

Dated:  San Antonio, Texas

December 29, 2009

**LAW OFFICES OF PETER J. STANTON**

By:  s/ Peter J. Stanton
        Peter J. Stanton, Esq.

*Attorneys for Defendants*
Suite 1350 Riverview Towers
111 Soledad
San Antonio, Texas 78205
210-472-0500
stanton@pstantonlaw.com

**LAW OFFICE OF BRUCE S. ZEFTEL**

By:  s/ Bruce S. Zeftel
        Bruce S. Zeftel, Esq.

*Attorneys for Defendants*
69 Delaware Avenue Suite 1010
Buffalo, New York 14202
716-381-9141
bzeftel@zeftel.com

To:   Clerk, District Court
        Western District of New York
        68 Court Street
        Buffalo, New York 14202

        Harris Beach, PLLC
        *Attorneys for Plaintiff*
        726 Exchange Street
        Suite 1000
        Buffalo, New York 14210
        716-200-5050

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| **COUNSEL FINANCIAL SERVICES, LLC** | **MOTION TO DISMISS, MOTION FOR JUDGMENT ON THE PLEADINGS, or in the alternative MOTION TO ABATE** |
| *Plaintiff,* | |
| vs. | |
| **DAVID MCQUADE LEIBOWITZ and DAVID MCQUADE LEIBOWITZ, P.C.** | CIV. 09-CV-1025(S) |
| *Defendants.* | |

_____

**PLEASE TAKE NOTICE** that the Law Office of Peter J. Stanton of San Antonio, Texas and the Law Office of Bruce S. Zeftel of Buffalo, New York, hereby appear as counsel for Defendants David McQuade Leibowitz and David McQuade Leibowitz, P.C. in the within proceeding, and for the Defendants' Motion to Dismiss, Motion for Judgment on the Pleadings, or in the alternative, Motion to Abate set forth the following:

1.    **INTRODUCTION.**

1.1.    The Defendant David McQuade Leibowitz is a prominent personal injury attorney licensed to practice law in the State of Texas and is a sitting elected State Legislator for the State of Texas for the 117th District in San Antonio, Bexar County.  Mr. Leibowitz practices law in the State of Texas as David McQuade Leibowitz, P.C.  Both David McQuade Leibowitz, in his individual capacity and David McQuade Leibowitz, P.C. will hereinafter be referred to as "Leibowitz".  The Plaintiff Counsel Financial Services, LLC ("CFS") is in the business of offering loans and financing to plaintiff personal injury lawyers throughout the United States. Its offices are in Williamsville, New York, Erie County. As part of its lending practices, CFS purports to take a security interest in the personal injury matters being handled by the attorney-

borrower. CFS's loan agreements contain choice of forum clauses which provide that CFS's loan documents may be enforced in Erie County, New York, reserving to CFS the option to enforce the agreements in "any other appropriate forum".

1.2.     This motion is brought pursuant to Fed. R. Civ. Proc. 12 (b)(6) or in the alternative, pursuant to Fed. R. Civ. Proc. 12(c) as a Motion for Judgment on the Pleadings, as the Complaint for Breach of Contract, Indemnity, and Declaratory and Injunctive Relief filed by CFS ("the Complaint"): a) fails to state a cause of action because all of the causes of action now being urged have been merged into a previously obtained judgment; b) represents improper splitting of the Plaintiff's causes of action; and/or, c) CFS is prohibited from bringing action in this Court because its claims are the subject of a previously filed action brought by CFS in the United States District Court for the Southern District of Texas (McAllen Division).  The within proceeding is simply a belated attempt to invoke this Court's jurisdiction in order to obtain improper advantage in an ongoing multi-state dispute between Leibowitz and CFS and to invoke the jurisdiction of this court for cynical purposes.

2.   **BACKGROUND FACTS.**

2.1.     **The Applicable Documents and New York Default Judgment.**     The relationship between Leibowitz and CFS began in 2004 when CFS began lending Leibowitz money to finance his practice.  CFS lent Leibowitz over $4.5 million since that time and the parties entered into several different written loan agreements during that time.  The governing documents were executed in September of 2007 when Leibowitz entered into a Fourth Amended and Restated Revolving Promissory Note ("the Note") in the amount of just over $5 million which is secured by a Security Agreement dated February 1, 2006 ("the Security Agreement").  The Security Agreement lists, *inter alia,* Leibowitz's accounts and intangibles as collateral for

2

the Note.  Leibowitz also executed a Guaranty Agreement guarantying the Note.  True and correct copies of the Note and the Security Agreement are on file in this case, as they are attached as Exhibits "A" and "B" to the Affidavit in Support of Plaintiff's Motion for Preliminary Injunction which is found as Document No. 3 on this Court's Docket Report.

2.2.    In 2008, Leibowitz and CFS had a disagreement over the amount and timing of payments due on the Note, and over improperly charged late fees.  These issues arose during the summer of 2008, when the parties were negotiating a renewal of the Note.  Despite CFS's promise to renew and extend the Note, on August 29, 2008, CFS accelerated the Note and filed suit in the Supreme Court of the State of New York (the "New York Case") seeking judgment on the Note and Guaranty.  CFS obtained a default judgment against Leibowitz in cause No. 12008-010002, In the Supreme Court of the State of New York, in and for the County of Erie, styled *Counsel Financial Services, LLC, v. David McQuade Leibowitz, P.C. et al.* on November 25, 2008 ("the New York Default Judgment").   True and correct copies of the Notice of the Motion for Summary Judgment in Lieu of Complaint and the New York Default Judgment are attached hereto as Exhibit "A" and incorporated herein as though set out in full.  The Note and Guaranty are attached thereto.

2.3.    Leibowitz appealed from the New York Default Judgment on the sole grounds that an adjournment of the motion for summary judgment in lieu of complaint should have been granted. The appeal was denied on November 20, 2009, but the Appellate Division Fourth Department recognized that the New York Default Judgment was granted on default.   On November 23, 2009 a motion was made in the Erie County Action to vacate the New York Default Judgment. That motion is now returnable before Justice Michalek on February 4, 2010 (adjourned from January 14, 2010).  However, despite the pending appeal in the New York Case,

CFS began to aggressively collect the New York Default Judgment.

2.4.    **Attempted Domestication of the New York Default Judgment in Texas and the Texas Appeals.**  Less than 10 days after the entry of the Default Judgment in New York, CFS filed pleadings in San Antonio, Bexar County, Texas, where Leibowitz lives and practices, to domesticate the Default Judgment pursuant to the Uniform Enforcement of Foreign Judgments Act.  Leibowitz opposed the domestication of the New York Default Judgment on the grounds that, *inter alia,* he  "... was denied the opportunity to file a response to the Summary Judgment in Lieu of Complaint ..." in the New York Case.  Leibowitz urged that the New York Default Judgment was not enforceable in Texas because it was entered without notice to him.  The Bexar County District Court, after hearing several hours of testimony, agreed with Leibowitz and refused to enforce the New York Default Judgment in Texas.  The Court found by clear and convincing evidence that the New York Default Judgment was not entitled to full faith and credit.  More importantly, the Bexar County Court found that, at the time that CFS accelerated the Note and filed suit, the Note was not in default. (*See,* Orders Granting Motion for Relief from Enforcement of Foreign Judgment, Exhibit E, p.1 of 2, to the Notice of Removal, Docket No. 1 in *Maria Alma Anzaldua, Plaintiff, v. Kmart Corporation, Defendant;* Cause No. 7:09-cv-263, in the United States District Court Southern District of Texas, McAllen Division. All pleadings are available on Pacer at  https://ecf.txsd.uscourts.gov/cgi-bin/login.pl. ).  Certified copies of the Orders Granting Relief from Enforcement of the Foreign Judgment are attached hereto as Exhibit "B", and incorporated herein as though set out in full.

2.5.    After the District Court in Bexar County refused to domesticate the New York Default Judgment, finding by clear and convincing evidence that Leibowitz was not in default of his debt to CFS at the time the Note was accelerated, that the amount for which the New York

Default Judgment was taken was incorrect, and that the New York Default Judgment is not entitled to full faith and credit, CFS filed two appeals and a mandamus in the Court of Appeals for the Fourth Appeals District in Texas.   *See, Counsel Financial Services, LLC vs. David McQuade Leibowitz, et al*; Cause No. 04-09-00079-CV; In the Court of Appeals Fourth Court of Appeals District, San Antonio, Texas; *Counsel Financial Services, LLC vs. David McQuade Leibowitz*, et al; Cause No. 04-09-00080-CV; In the Court of Appeals Fourth Court of Appeals District, San Antonio, Texas**;** and, *In re Counsel Financial Services, LLC* ; Cause No. 04-09-00081-CV*;* In the Court of Appeals Fourth Court of Appeals District of Texas, San Antonio.(orig. proceeding).  The Mandamus action was dismissed by the Court of Appeals.  The two appeals were consolidated and are now pending.  Oral argument in the appeals is scheduled for January 12, 2010.

2.6.    As of the filing of this Response, the New York Default Judgment has not been domesticated in the State of Texas.

2.7.    **CFS Begins Texas Litigation with Leibowitz and His Clients.**  Despite the ruling of the Bexar County Court that the New York Default Judgment was not entitled to full faith and credit, CFS continued in its attempts to intimidate and threaten Leibowitz into paying the disputed amounts.  CFS has contacted defense attorneys and insurance companies in Leibowitz's cases and threatened them with legal action if settlement monies are not paid directly to CFS, despite the fact that CFS has no right to do so under the Security Agreement, and despite the fact that the New York Default Judgment was denied domestication by the Bexar County District Court.  Under the threat that they would be exposed to liability if they do not comply, CFS has represented to Defendants in pending cases that, under the terms of the Security Agreement, they are required to disclose confidential client information to CFS.  CFS has

5

wrongfully advised Defendants in Leibowitz's cases that payment to Leibowitz's clients will expose the Defendants to liability to CFS, when no such liability exists.

2.8.    CFS filed numerous interventions in cases in numerous state and federal district courts in Texas in their attempt to collect from Leibowitz.  CFS has filed identical or similar pleas in intervention  in *Richard & Rebecca Ybarra v. Tornado Bus Co., and Hector Armando Gaona;* Cause No. 2008-CI-14699, In the 73rd Judicial District Court, Bexar County, Texas; *Maria Gonzalez, et al vs. Reynaldo San Juan Carranza, et al;* Cause No. C-2592-07-H, In the 389th Judicial District Court, Hidalgo County, Texas; *Dora Arnold vs. City of San Antonio, William McManus as Chief of Police of the San Antonio Police Department, and Ruben Saenz*; Civil Action No. SA:07-CA-0877-XR, In the United States District Court Western District of Texas, San Antonio Division;   and *Dora Willars v. Wal-Mart Stores Texas, LLC, Wal-Mart Stores, Inc., Wal-Mart Stores East, Inc., Wal-Mart Stores East, LP, Wal-Mart Limited Partnership,* Civil Action No. SA:08-CA-00695-OLG, In the United States District Court, Western District of Texas, San Antonio.    All of the claims raised by CFS in the above-captioned cases relate to the rights of the parties under the Security Agreement and the New York Default Judgment.  By way of example, in *Dora Arnold vs. City of San Antonio, William McManus as Chief of Police of the San Antonio Police Department, and Ruben Saenz, supra,* the Hon. Xavier Rodriguez, United States District Judge, denied CFS the right to intervene.  Despite that ruling, alleging identical facts, and utilizing the same pleadings, CFS continued to urge its Motion to Intervene in  the *Dora Willars Case, supra.*  In that case, upon the recommendation of Magistrate Judge Pamela Mathy, the Hon. Orlando Garcia dismissed the intervention, just as Judge Rodriguez had.  From its actions, it is clear that CFS intends to intervene in every case Leibowitz has throughout the State of Texas.

2.9.    **CFS Institutes the *Anzaldua* Case in Texas.**   On August 11, 2009, CFS filed another Plea in Intervention in the case of *Maria Alma Anzaldua, Plaintiff, v. Kmart Corporation, Defendant;* Cause No. C-856-06-G, in the 370th Judicial District Court of Hidalgo County, Texas, which is located in Edinburg, Texas. (the "*Anzaldua* Case").   A true and correct copy of CFS's Plea in Intervention is attached hereto as Exhibit "C" and incorporated herein as though set out in full.   In the *Anzaldua* Case CFS specifically invoked the jurisdiction of the Texas State District Court to take possession of Leibowitz's property and to determine the amount of the lien created by the Security Agreement.   Specifically, CFS asked the Texas State District Court to :[1]

    a.)    Order Ms. Anzaldua and K-Mart to "pay directly to CFS ***all amounts due to [Leibowitz] pertaining to this case...***" because the security agreement "...places [CFS] in the shoes of Leibowitz ...and gives it the right to possession of all funds owed to Leibowitz... ***up to the amount of its lien...***"  Neither the amount due to Leibowitz, nor the "amount of its lien" is stated in the Plea in Intervention CFS filed in the *Anzaldua* Case, because it is a question which CFS requested the State Court to determine.

    b.)    Order Ms. Anzaldua and K-Mart to "...deposit **all amounts that may be due to the Debtors** in the registry of the Court until such time as rightful ownership of such funds can be determined" which can only be read as requesting the Court to determine the rightful ownership of any funds involved as between CFS, K-Mart, Ms. Anzaldua and Leibowitz.

2.10.   After learning that CFS had invoked the jurisdiction of the State Court to determine the amount Leibowitz owed CFS (stated by CFS as the "amount of its lien"), Leibowitz intervened in the *Anzaldua* Case on October 7, 2009.   Texas law requires that Leibowitz, who obviously claims an interest in the subject matter of CFS's Plea in Intervention, be made a party to the case as he is a necessary party, who "shall be joined as a party" in the

---

[1] In Texas, the State District Court is the trial court of general jurisdiction over civil matters.  An appeal from the District Court would go to one of the 14 different Courts of Appeals, the intermediary appellate courts.  The Supreme Court of Texas is the final appellate court.

*Anzaldua* Case pursuant to the Texas Rules of Civil Procedure.  TEX. R. CIV. P. 41.  The claims made by Leibowitz in the *Anzaldua* Case are in fact compulsory counterclaims to the claims made by CFS in that case, as they arise out of the same transaction as CFS's claims under the Security Agreement and meet all the criteria set out in TEX. R. CIV. P. 97.  *See, Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 247 (Tex. 1988).  Even under Rule 19(a) Fed. R. Civ. Pro., Leibowitz is a necessary party to the relief requested in CFS's Plea in Intervention in the *Anzaldua* Case, as he is a person who is subject to service of process who obviously claims an interest relating to the subject of the case, and if he does not appear he will not be able to adequately protect his interests.

2.11.   Leibowitz filed his Answer to Counsel Financial Services L. L. C.'s Plea in Intervention, Request for Injunctive Relief, and Declaratory Relief, and Original Counter-Claim for Damages in the *Anzaldua* Case on October 7, 2009.  ("the Answer and Counter-Claim").  A true and correct copy of Leibowitz's Answer and Counter-Claim is attached hereto as Exhibit "D" and incorporated herein as though set out in full.  The Answer and Counter-Claim is also on file in this case, as it is attached as Exhibit "G" to the Affidavit in Support of Plaintiff's Motion for Preliminary Injunction which is Document No. 3 on this Court's Docket Report.   In the Answer and Counter-Claim, Leibowitz sought declaratory relief relating to CFS's right to enforce its lien as requested by CFS, and equitable relief, including an anti-suit injunction, to end the protracted and serial litigation instituted by CFS. *See,* para. 2.8, *ante.*  Leibowitz requested the State Court put an end to CFS's piecemeal attempts to wrongfully collect the contested amounts due under the Note through the enforcement of the Security Agreement, and provide a forum to allow Leibowitz to assert any offsets and/or recoupment he may have to the claims of

CFS.  Leibowitz set a hearing on the requested temporary injunction for Tuesday, October 13, 2009 at 8:00 o'clock, a.m.

2.12.   **CFS Removes the *Anzaldua* Case to Texas Federal Court and Asks the Federal Court for Dismissal on the Merits.**   At 7:38 a.m. on the morning of the hearing on Leibowitz's request for an injunction, CFS removed the *Anzaldua* Case to the United States District Court for the Southern District of Texas, McAllen Division.   The *Anzaldua* Case is currently pending before the Hon. Ricardo Hinojosa in McAllen Texas as *Maria Alma Anzaldua, Plaintiff, v. Kmart Corporation, Defendant;* Cause No. 7:09-cv-263, In the United States District Court Southern District of Texas, McAllen. (the "Texas Federal Case").   All of the Texas State Court pleadings (they are required to be filed with the Notice of Removal), as well as the pleadings filed in the Texas Federal Case are public records which are available on Pacer at https://ecf.txsd.uscourts.gov/cgi-bin/login.pl.   A true and correct copy of the Notice of Removal is attached hereto as Exhibit "E" and incorporated herein as though set out in full.

2.13.   After invoking the jurisdiction of the United States District Court for the Southern District of Texas in the Texas Federal Case, CFS filed a Motion to Dismiss seeking the dismissal of all the claims that Leibowitz brought, or could have brought against CFS , *on the merits*.   In particular, arguing that the Texas Federal Court had both diversity and Federal Question jurisdiction, CFS requested the Court, "…to dismiss …[Leibowitz's]… claims with prejudice based upon the assignment set out in the Security Agreement.   (Motion to Dismiss by Counsel Financial Services, LLC, Document No. 7 in the Texas Federal Case at p8).   CFS also requests Judge Hinojosa, in the Texas Federal Case, to determine the validity of the very forum selection clause upon which it now requests this court to construe. A true and correct copy of CFS's

Motion to Dismiss is attached hereto as Exhibit "F" and incorporated herein as though set out in full.

2.14.    On November 9, 2009, Leibowitz filed his Response to the Motion to Dismiss filed by CFS in the *Anzaldua* Case, making the same arguments he is now forced to make herein. A true and correct copy of Leibowitz's Response to the Motion to Dismiss is attached hereto as Exhibit "G" and incorporated herein as though set out in full. Specifically, Leibowitz has requested Judge Hinojosa to find that the purported "exclusive" jurisdiction clauses are not exclusive, and are not enforceable under either Texas or New York Law.  (Response to Motion to Dismiss, Document No. 12 in the Texas Federal Case, at p. 13).  The Court should note that CFS, in its Motion to Dismiss filed in the Texas Federal Case, expressly eschewed its right to have Judge Hinojosa transfer this case to this Court pursuant to 28 U.S.C. § 1404.  Instead CFS "...reserves its right to seek transfer of this civil action pursuant to 28 U.S.C. § 1404, if and at such time as necessary or appropriate." (Motion to Dismiss by Counsel Financial Services, LLC, Document No. 7 in the Texas Federal Case at p8).

2.15.    **CFS Files a Duplicative Federal Action in this Court.**  Seeking a second bite at the apple, by suing on the same grounds as previously, on November 25, 2009 CFS commenced this action based on the identical documents upon which the New York Default Judgment was taken. Leibowitz was served on December 9, 2009.  As will be seen below, CFS simply chooses to ignore fundamental principles of law that allow one action for one wrong, and one court for one remedy.

3.   **SUMMARY OF GROUNDS FOR DISMISSAL OF COUNTS I, II, AND III OF THE COMPLAINT.**

3.1.     Based solely on the pleadings before the Court, it is readily apparent that, even under the liberal standards allowed under Rule 12(b)(6) which require the Court to assume the well pleaded facts in the Complaint to be true, the Complaint does not state a cause of action for breach of contract, contractual indemnity, or injunctive relief against Leibowitz for the following reasons:

3.1.1.   Any causes of action CFS had against Leibowitz based upon the Note, Guaranty, and/or the Security Agreement were merged into the New York Default Judgment.

3.1.2.   CFS's causes of action which were not merged into the New York Default Judgment are barred by the doctrine of *res judicata*, as the prohibition against splitting a cause of action required all claims against Leibowitz to have been brought in the Supreme Court of New York.

3.1.3.   CFS cannot state a claim for injunctive relief because the purportedly "exclusive" jurisdiction clauses are not exclusive, and CFS has waived any right to claim so by intervening in, and seeking affirmative relief in, the *Anzaldua* Case, and by intervening repeatedly in the various Texas matters.

3.1.4.   CFS cannot state a claim for injunctive relief as the contracts allegedly containing the "exclusive" jurisdiction clause have been merged into the New York Default Judgment.

4.   **ARGUMENTS AND AUTHORITIES.**

4.1.     **Burden of Proof and Evidence Considered.**   Leibowitz seeks the dismissal of this Cause pursuant to Fed. R. Civ. Proc. 12 (b)(6) or in the alternative, to render judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c).   On a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the allegations in the complaint as true and construe all reasonable inferences in a plaintiff's favor. *Hartford Courant Co. v. Pellegrino,* 380 F.3d 83, 89-90 (2d Cir.

11

2004); *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir. 1998). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *De Jesus v. Sears, Roebuck & Co., Inc.*  87 F.3d 65, 70 (2d Cir.1996) citing *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993); *Grossman v. Citrus Assocs. of New York Cotton Exch., Inc.,* 706 F.Supp. 221, 229 (S.D.N.Y.1989).

4.2.    If the Court decides that the Motion to Dismiss is more properly treated as a Motion for Judgment on the Pleadings under Rule 12(c), the Court's analysis is identical because the standards to be applied to a motion for judgment on the pleadings pursuant to Rule 12(c) are the same as those applied to a motion to dismiss pursuant to Rule 12(b). *See Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006); *Katz v. Image Innovations Holdings, Inc.,* 542 F.Supp.2d 269, 271-72 (S.D.N.Y. 2008); *United States ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.,* 152 F.Supp.2d 443, 448-49 (S.D.N.Y. 2001).

4.3.    Leibowitz requests the Court to review all of the pleadings in the *Anzaldua* Case and the Texas Federal Case.  The Courts in this Circuit have often held that material that is a matter of public record may be considered in a motion to dismiss. *See Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir. 2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a motion to dismiss"); *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d  Cir. 1991) (noting that documents filed with the court are subject to judicial notice, and affirming Rule 12(b)(6) dismissal of securities fraud case where the district court considered documents filed with the Securities and Exchange Commission without expressly taking judicial notice of them); *Cowen v. Ernest Codelia, P.C.,* No. 98 Civ. 5548, 2001 WL 856606, at *1 (S.D.N.Y. July 30, 2001) (citing court of appeals cases in explaining that the court may consider public documents

12

on Rule 12(c) motion based on *res judicata* to determine whether claims are barred by prior litigation). All of the pleadings in the Anzaldua Case were filed in the Texas Federal Case, and are readily available online through Pacer.

4.4. **The Doctrine of Merger Bars all Contractual Claims Against Leibowitz.** The concept of merger by judgment claim preclusion is grounded on the theory that there should not be more than a single suit for a single cause of action so as to prevent harassment and wasteful dissipation of judicial energies. This doctrine is actually the application of the principle of *res judicata. See* 5 New York Civil Practice, Weinstein, Korn & Miller, para. 5011.15. *See also, Restatement (Second) of Judgments § 24 (1980),* The rule was stated in *Alyeska Pipeline Service Company v. U.S.*, 231 Ct. Cl. 540, 688 F.2d 765, 769 (1982), cert. den. 461 U.S. 943, 103 S. Ct. 2119, 77 L. Ed. 1301 (1983) as follows:

> In general, a final judgment on the merits of a claim (i.e., cause of action) precludes the same plaintiff from bringing against the same defendant a subsequent action on the same claim, or any part of the claim that was or reasonably could have been, brought in the initial action. *Container Transportation International, Inc. v. United States*, 199 Ct.Cl. 713, 717, 468 F.2d 926, 928 (1972) (and cases cited there); see also RESTATEMENT (SECOND) OF JUDGMENTS §§ 18, 19 (1980) [hereinafter cited as RESTATEMENT]. Simply, a plaintiff may not split his claim or cause of action between different suits. *Everett Plywood Corp. v. United States*, 206 Ct.Cl. 244, 252, 512 F.2d 1082, 1087 (1975).

*In re Cohoes Industrial Terminal, Inc.,* 69 B.R. 717, 721 (Bankr. S.D.N.Y. 1987).

4.5. Where a judgment is in favor of the plaintiff, the claim underlying the action is merged into the judgment and cannot thereafter be used as a basis for an independent action. Tthe plaintiff may, however, bring an action on the judgment as permitted by NYCPLR 5014. If the judgment is in favor of the defendant, the claim is extinguished and the judgment bars a

subsequent action thereon. *Brown v. Lockwood,* 76 A.D.2d 721, 735 (N.Y. App. Div. 2d Dep't 1980).  2B Carmody-Wait 2d. §16:1 sets forth the well accepted New York rule:

> A judgment concludes the rights of the parties in respect to the cause of action stated in the pleadings on which it is rendered, whether the suit embraces the whole or only part of the demand constituting such cause of action. Thus, where a single cause of action is split and a suit is instituted on only a part of the plaintiff's claim, the pendency of this suit may be pleaded in abatement of a second action based upon the part of the claim omitted from the first, and a judgment on the merits in the first suit will be a conclusive bar to the second suit.

4.6.    Accordingly, "[w]hen a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." *Reilly v. Reid* , 45 N.Y.2d 24, 29 (Court of Appeals,1978).

4.7.    The Plaintiff has already sued Leibowitz upon the obligations contained in the Note,the Security Agreement and the Guaranty.  CFS is fervently seeking to enforce the terms of that judgment and the lien created by the Security Agreement as specifically allowed pursuant to NY CLS UCC § 9-601 (2009).    But now it wants a second judgment on the very same instruments which were the basis for the New York Default Judgment.  Any claims arising under the Note, Guaranty, and Security Agreement are barred by the Doctrine of Merger.

4.8.    **The Doctrine of Splitting Prohibits Any Causes of Action Against Leibowitz.** Under both New York Law and under Federal Law, CFS may not split its cause of action. It was required to bring all of its claims in one action, which it did in the New York Case. The rule is applied where a creditor attempts to split his claim for attorney's fees from his claim for principal and interest.

4.9.    As stated in *Roe v. Smyth* 278 N.Y. 364, 368-369 ( Court of Appeals, 1938):

> The promise to pay the amount of the note and the promise to pay the costs of collection constituted a single obligation, embodied in the negotiable instrument. (See *First State Bank v. Utman*, 136 Minn. 103; *Schillinger v. Leary*, 201 Ala. 256; *Merrimon v. Parkey*, 136 Tenn. 645; *Sands v. Roller*, 118 Va. 191; *Shugart & Lininger v. Pattee*, 37 Iowa, 422. Contra, *Easter v. Boyd*, 79 Ill. 325.) **We have held recently that in an action brought by the holder to recover the principal obligation to pay the amount due on the note, recovery may also be had upon the subsidiary promise to pay costs of collection including a reasonable counsel fee.** (*Waxman v. Williamson*, 256 N. Y. 117).  Since the indorsers' obligation, though consisting of two promises, is a single obligation which may be enforced in a single suit, the plaintiff was bound to assert his full claim in the earlier action upon the note. **He cannot split his cause of action. (emphasis added)**

4.10.    Since CFS "may not split a cause of action, it was required to assert in these proceedings its claim for counsel fees or be thereafter foreclosed from such recovery." *Syracuse Associates v. Touchette Corp.* 73 A.D.2d 813, 815 (4th Dept. 1979).  In *Midland Bank v. Zuckerman*, 29 A.D.2d 554 (2d Dep. 1967), the Court quoted from the following provisions of 2B Carmody-Wait 2d § 16:3 and 2B Carmody-Wait 2d § 16:12 for the prohibition against splitting a claim for attorney's fees from the claim on the underlying debt:

> A party may not escape the effects of *res judicata* by splitting his or her claim into various suits, based on different legal theories, since it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action for *res judicata* purposes, not the legal theory upon which a litigant relies. Thus, a plaintiff is required to combine all legal theories arising out of a transaction or series of connected transactions where the several theories are dependent on the same evidence.

4.11.    In deciding whether a prior judgment bars a succeeding claim, district courts in the Second Circuit have adopted the approach of the Restatement (Second) of Judgments. *e.g.*, *Burmah Oil Tankers, Ltd. v. Trisun Tankers, Ltd*., 687 F. Supp. 897 (S.D.N.Y. 1988)

(MacMahon, J.).  Under the Restatement's "transactional approach,":

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claims pursuant to the rules of merger or bar . . ., the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of transactions, out of which the action arose.
>
> (2) What factual grouping constitutes a "transaction," and what grouping constitutes a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient triable unit, and whether their treatment as a unit conforms to the parties' expectations…

*Crimmins v. Consolidated Edison Co.*, 1989 U.S. Dist. LEXIS 9904, 2-3 (S.D.N.Y. Aug. 22, 1989) (quoting Restatement (Second) of Judgments § 24 (1981)) ("Dimensions of 'Claim' for Purposes of Merger or Bar--General Rule Concerning 'Splitting'"); *see also, Tucker v. Arthur Andersen & Co.*, 646 F.2d 721 (2d Cir. 1981).

4.12.  CFS filed suit against and obtained a judgment against David McQuade Leibowitz, P.C. and David McQuade Leibowitz, in his individual capacity, for the total amount it claimed was due under the Note, Guaranty, and Security Agreement, as well as attorneys fees incurred.  They got the judgment for the total amount for which they asked.  All of the claims are now merged into the New York Default Judgment and cannot be split into separate lawsuits.

4.13.  **The Fundamental Flaw in CFS's Argument.**  At the heart of CFS's argument that it is entitled to a second judgment on its claims, is the unavoidable fact that the doctrines of merger and bar work both ways.  Leibowitz had at the time the New York Default Judgment was entered, and has today, valid defenses to a suit for breach of contract on the Note, the Security Agreement and the Guaranty, and has asserted them in the Texas Courts where CFS has brought multiple suits and is attempting to assert them in the New York Case on the motion to vacate the

16

default.  In particular, Leibowitz will show that CFS breached and/or repudiated the terms of the Security Agreement by wrongfully accelerating the Note, making unauthorized charges for late payments, and by contacting purported "account debtors" in Leibowitz's cases, when the Security Agreement did not allow CFS to do so.  CFS's breach of the Security Agreement relieves Leibowitz of any duty of future performance of any obligations under the Security Agreement.  But CFS has no intention of allowing Leibowitz to assert his defenses to the enforcement of the Note, Security Agreement and Guaranty in this Court.  In short, CFS wants to take advantage of the Doctrine of *res judicata,* without recognition of the corollary bar by merger and the prohibition against splitting.

4.14.   **The Forum Selection Clauses are Not "Exclusive".**  The general rule in cases containing forum selection clauses is that just specifying which Court will have jurisdiction is not enough to make enforcement mandatory.   The Courts have held that "…when only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Docksider, Ltd. v. Sea Technology, Ltd.*, 875 F.2d 762, 764 (9th Cir. 1989); *see also, Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77-78 (9th Cir. 1987); 503 F.2d 955, 956-57 (5th  Cir. 1974); *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231, 1231-32 (11th Cir. 1985).

4.15.   The choice of forum must be mandatory rather than permissive to be enforced. *Utah Pizza Service, Inc. v. Heigel,* 784 F. Supp. 835, 837-38 (D.Utah 1992). "Although the word 'shall' is a mandatory term, here it mandates nothing more than that the [Greek courts] have jurisdiction." *Hunt Wesson,* 817 F.2d at 77; *Caldas & Sons, Inc. v. Willingham,* 791 F. Supp. 614, 619 (N.D. Miss.1992).  The general rule stated above has been applied repeatedly in the district courts of this circuit. *See, e.g., Heyco, Inc. v. Heyman,* 636 F. Supp. 1545, 1547-48

17

(S.D.N.Y. 1986); *Leasing Service Corp. v. Patterson Enterprises, Ltd*., 633 F. Supp. 282, 283-84 (S.D.N.Y. 1986); *Credit Alliance Corp. v. Crook,* 567 F. Supp. 1462, 1464-65 (S.D.N.Y. 1983); *Coface v. Optique Du Monde, Ltd.*, 521 F. Supp. 500, 506 (S.D.N.Y. 1980); *City of New York v. Pullman, Inc.*, 477 F. Supp. 438, 442 n.11 (S.D.N.Y. 1979); *First National City Bank v. Nanz, Inc.*, 437 F. Supp. 184, 186-87 (S.D.N.Y. 1975).   As succinctly summarized by former Judge Weinfeld in *Pullman*, an "…agreement conferring jurisdiction in one forum will not be interpreted as excluding jurisdiction elsewhere unless it contains specific language of exclusion . . .". 477 F. Supp. at 442 n.11.

4.16.   One species of a non-exclusive Forum Selection Clause is a jurisdiction-conferring clause which, although providing a plaintiff with a guaranteed forum, does not deprive him of the right to sue in another forum having personal jurisdiction over the defendant. *AVC Nederland B.V. v. Atrium Inv. Pshp.,* 740 F.2d 148, 155 (2d Cir. N.Y. 1984); *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs*., 22 F.3d 51, 52-53 (2d Cir. N.Y. 1994).   Each of the Forum Selection Clauses before the Court provides that Leibowitz does submit to the "exclusive" jurisdiction of the courts of New York, but the very same clause gives CFS the right to institute any action in any court it sees fit.   The Note and Security Agreement provide that CFS can institute suit "...IN ANY OTHER APPROPRIATE FORUM OR JURISDICTION ...TO ENFORCE ANY RIGHT OR REMEDY UNDER THIS AGREEMENT OR TO OBTAIN ANY OTHER RELIEF DEEMED APPROPRIATE BY SECURED PARTY." The Guaranty says that "[n]othing contained herein shall prevent Lender from bringing any action or proceeding… against any Guarantor personally… within any other jurisdiction…". While, on one hand, the Forum Selection Clauses state that the debtor consents to the "…exclusive jurisdiction of any court located in Erie County, New York…" they also provide

18

that the debtors agree that CFS may sue "… in any other appropriate forum or jurisdiction…". This language hardly evidences an intent to make the jurisdiction of New York Courts exclusive. It certainly evidences CFS's intent to pursue Leibowitz in any court it desires, while reserving its rights to do so in New York.  Because the Forum Selection Clauses are not mandatory, they are not entitled to enforcement.  Of course, the non-exclusive nature of the Forum Selection Clauses is evidenced by the fact that CFS has instituted actions in both state and federal courts in Texas and requested multiple courts to determine the merits of all of Leibowitz's claims against them.

4.17.  **CFS Cannot State a Claim for Injunctive Relief Because of the Doctrine of Merger.**  If the New York Default Judgment precludes any further claims against Leibowitz under the Note, Security Agreement and Guaranty, then there is no basis for the injunctive relief requested in Count IV of the Complaint.

5.  **MOTION TO ABATE.**

5.1.    If the Court does not dismiss this action in its entirety, Leibowitz requests that the matter be abated.  CFS has already invoked the jurisdiction of the United States District Court for the Southern District of Texas(McAllen Division) to decide this matter on its merits in the Texas Federal Case. Leibowitz respectfully requests this Court to abate any further proceedings in this matter and/or abstain until the Texas Federal Case has been concluded.

5.2.    Clearly, both actions concern the same parties and the same subject matter.  And it cannot be disputed that any defenses that Leibowitz has must be filed in Texas, whether in State or Federal court.  Rule 13(a) of the Federal Rules of Civil Procedure provides that a pleading "….shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence

19

of third parties of whom the court cannot acquire jurisdiction."

5.3.    This is not a unique situation.  Federal Courts often are called upon to refrain from deciding matters pending before their Sister-Courts.   In determining which of two competing actions should proceed, the well-established rule in this Circuit is that the first filed suit should have priority, absent special circumstances which justify giving priority to the second-filed suit or the showing of a balance of circumstances favoring the second suit. *AbovePeer, Inc. v. Recording Indus. Ass'n of Am.*, 166 F. Supp. 2d 655, 657 (N.D.N.Y 2001); *See, e.g.*, *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) ("the first court has jurisdiction to enjoin the prosecution of the second one"); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989); *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 218 (2d  Cir. 1978). A "strong presumption" generally applies in favor of the forum of the first-filed suit. *800- Flowers, Inc. v. Intercontinental Florist,* Inc., 860 F. Supp. 128, 131 (S.D.N.Y. 1994) (citing Exxon, 932 F.2d at 1025).

5.4.    And while the usual course of procedure is to move to enjoin the second filed suit, once a court becomes aware that an action on its docket involves a claim that should be a compulsory counterclaim in another pending federal suit, it should stay its own proceeding. *Jack Schwartz Shoes, Inc. v. Burger King Corp.*, 1992 U.S. Dist. LEXIS 13017, 5-7 (S.D.N.Y. Aug. 31, 1992). (quoting 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1418, at 142-43 (2d ed. 1990 & Supp. 1991)).  As the Court in *Adam v. Jacobs*, 950 F.2d 89, 93-94 (2d  Cir. N.Y. 1991) stated:

> We can see no reason why the end result should be different when the party seeking to preserve the primacy of the first court moves the second court to stay its hand rather than asking the first court to enjoin prosecution of the second case. Whatever the procedure, the first suit should have priority, "absent the showing of balance of

convenience in favor of the second action."

The Court should note that one of the issues currently pending before the Court in the Texas Federal Case is the very issue of whether the Forum Selection Clauses are enforceable.  The actions of CFS in choosing to engage in serial litigation puts this Court in the unseemly position of deciding the very same issue currently pending before another District Court Judge and brought to that Court by CFS.  As was stated in *Adams vs. Jacobs, supra,* "… [f]or us to refuse to stay our own proceedings while exercising a willingness to enjoin other parties from litigation in other courts would be inconsistent."

5.5.    Leibowitz therefore  respectively requests in the alternative that the Court enter an order abating and/or abstaining in this matter until the conclusion of the Texas Federal Case.

6.    **CONCLUSION AND PRAYER.**

6.1.    It is a rare case that suffers such defects as to be dismissed on the pleadings.  But filing the same lawsuit for the second time on the very same matters upon which judgment has been rendered previously, justifies such a dismissal in this case.  Having made the conscious decision to take the New York Default Judgment, instead of allowing Leibowitz additional time to plead his defenses, CFS professes surprise in its inability to convert the New York Default Judgment into money to satisfy the debt.  Despite its active litigation with Leibowitz in numerous Texas Courts, CFS finds itself before this Court in a transparent attempt to avoid the very forum it chose to prosecute its claims against Leibowitz's property, and which it asked to dispose of Leibowitz's claims.  Based on the foregoing, Leibowitz respectfully requests that the Complaint be dismissed in its entirety or in the alternative, that this Court abate and/or abstain from taking action on this matter until the conclusion of the Texas Federal Case.  Leibowitz requests such other and further relief as justice requires.

21

Dated:   San Antonio, Texas

December 29, 2009

        **LAW OFFICES OF PETER J. STANTON**

        By:  s/ Peter J. Stanton
           Peter J. Stanton, Esq.

        *Attorneys for Defendants*
        Suite 1350 Riverview Towers
        111 Soledad
        San Antonio, Texas 78205
        210-472-0500
        stanton@pstantonlaw.com

        **LAW OFFICE OF BRUCE S. ZEFTEL**

        By:  s/ Bruce S. Zeftel
           Bruce S. Zeftel, Esq.

        *Attorneys for Movant*
        69 Delaware Avenue Suite 1010
        Buffalo, New York 14202
        716-318-9141
        bzeftel@zeftel.com