UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

COUNSEL FINANCIAL SERVICES, LLC,

                      Plaintiff,

v.                                       **DECISION AND ORDER**
                                                             09-CV-1025S

DAVID MCQUADE LEIBOWITZ and DAVID
MCQUADE LEIBOWTZ, P.C.,

                      Defendants.

## I. INTRODUCTION

Plaintiff Counsel Financial Services ("CFS") commenced this action on November 25, 2009, seeking an order (1) granting it costs and attorneys fees expended in attempting to collect on a judgment obtained in New York State Supreme Court, County of Erie, and (2) enjoining Defendants from litigating in Texas claims or defenses relating to various loan documents appended to the Complaint. (Docket No. 1.) CFS contemporaneously filed a Motion for Preliminary Injunction, seeking to enjoin litigation in the 370th Judicial District Court of Hidalgo County, Texas (the Hidalgo Court). (Docket No. 2.)

At the time this action and preliminary injunction motion were filed, there was no litigation pending in Hidalgo County, Texas, as CFS had removed that case to the United States District Court, Southern District of Texas (McAllen) several weeks prior. 09-cv-00263, Docket No. 1. The Texas Southern District remanded the matter to the Hidalgo Court on March 8, 2010. *Id.* Docket No. 26.

On March 17, 2010, CFS filed the instant Motion for Temporary Restraining Order

1

to prevent Defendants from pursuing an injunction in the Hidalgo Court (Docket No. 17), and a related Motion for Expedited Treatment (Docket No. 20). Defendants have filed a memorandum in opposition. (Docket No. 24.) CFS's Motion for Expedited Treatment is granted. For the following reasons, its Motion for a Temporary Restraining Order is denied.

## II. FACTUAL ALLEGATIONS

The following facts are alleged in the Complaint and drawn from documents appended to or referenced in the Complaint.

CFS provides loans to law firms and lawyers handling contingent fee cases. (Docket No. 1 ¶ 1.) CFS extended credit to the Leibowitz law firm, from which it drew an amount in excess of Five Million Dollars. (¶ 4.) Mr. Leibowitz personally guaranteed that debt. (¶ 5.) Alleging default and failure to pay, CFS filed a lawsuit against Defendants in the Supreme Court of the State of New York, Erie County. (¶ 5.) On or about November 25, 2008, CFS obtained a judgment against Defendants in the amount of $5,506,180.96. (¶5, Ex. E.) Defendants appealed, and the New York Appellate Division, Fourth Department, affirmed the order and judgment on November 20, 2009. (¶ 24, Ex. F.)

While Defendants' appeal was pending, in or about August 2009, CFS moved to intervene in a personal injury action pending in the Hidalgo Court in which Defendants were representing the plaintiff. (¶ 27; Docket No. 7, Ex. C.) CFS sought intervention to assert its entitlement—as secured creditor, judgment creditor, and lienholder—to costs and attorneys fees it anticipated Defendants would receive as part of the settlement of the personal injury matter. (*Id*.) Defendants, in response, sought to intervene in the personal

2

injury action to oppose CFS's proposed intervention. (Docket No. 1 ¶ 28, Ex. G.) Among other things, Defendants alleged that it was CFS who breached the security agreement, and sought various declaratory and injunctive relief. (Ex. G.) Defendants ultimately seek a temporary injunction restraining CFS from attempting to collect on the New York judgment until that judgment is domesticated by an order of a Texas Court and all appeals are exhausted. (*Id.*)

As already noted, CFS removed the Hidalgo Court action to the United States District Court, Southern District of Texas, where it remained until March 8, 2010. On March 16, 2010, the Hidalgo Court set a hearing on Defendants' request for a temporary injunction for 8:00 a.m. on March 19, 2010. (Docket No. 18 ¶ 5, Ex. D.) CFS's expedited motion for a temporary restraining order followed, and seeks to stay proceedings in the Hidalgo Court.

### III. DISCUSSION

Injunctive relief "is an extraordinary and drastic remedy which should not be routinely granted." Med. Soc'y of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977); see also Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, 934 F.2d 30, 33 (2d Cir. 1991). "The legal standards for granting a temporary restraining order and a preliminary injunction are the same." Young-Flynn v. Wright, No. 05 Civ. 1488, 2007 WL 241332, at *7 (S.D.N.Y. Jan. 26, 2007) (quoting Gund, Inc. v. SKM Enters., Inc., No. 01 Civ. 0882, 2001 WL 125366, at *1 (S.D.N.Y. Feb. 14, 2001)). The movant must demonstrate

> (1) irreparable harm should the injunction not be granted, and
> (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance

> of hardships tipping decidedly toward the party seeking injunctive relief.

N.A.A.C.P., Inc. v. Town of East Haven, 70 F.3d 219, 223 (2d Cir. 1995) (quoting Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir. 1991)); see also SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharm., Inc., 211 F.3d 21, 24 (2d Cir. 2000).

CFS relies on the All Writs Act, 28 U.S.C. § 1651, as the basis for this Court's authority to issue an injunction. But where, as here, a litigant seeks to enjoin proceedings in a State court, the relief is barred by the Anti-Injunction Act "except as expressly authorized by Act of Congress, or where necessary in aid of [the federal court's] jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. CFS does concede that the All Writs Act must be read in conjunction with the Anti-Injunction Act (Docket No. 4 at 7), but contends that the Hidalgo Court's issuance of an injunction would be in derogation of this Court's jurisdiction (Docket No. 19 at 1), and threatens inconsistent results with any ruling this Court may make (Docket No. 4 at 2). So, to the extent CFS is arguing an exception to the Anti-Injunction Act, it must be that the injunction is necessary in aid of this Court's jurisdiction.

The cases CFS cites in support are readily distinguishable and not instructive for the circumstances presented here. In In re Baldwin-United Corp., 770 F.2d 328 (2d Cir. 1985), states were enjoined from bringing suits in state court which were likely to interefere with the federal court's consideration and disposition of multidistrict class action litigation involving pendant state claims. The Second Circuit noted the difficulty of obtaining finality on claims then pending, if the state claims could be reasserted in state court and additional

4

recovery sought. *Id*. at 336-37. There simply are no parallels between the circumstances of the instant case and In re Baldwin-United Corp..

CFS also cites to Reliance Nat'l Ins. Co. v. Seismic Risk Ins. Svcs., Inc., 962 F. Supp. 385 (S.D.N.Y. 1997) and Paramedics Electromedicina Comercial Ltda. v. GE Medical Systems Information Technologies, Inc., 02-Civ-9369, 2003 WL 23641529 (S.D.N.Y. June 4, 2003), two cases standing for the well-settled proposition that a federal court may stay a state court action in conjunction with an order compelling arbitration. Again, these have no relevance to the circumstances now presented.

Beyond that, CFS has offered nothing to suggest that this Court's jurisdiction will be impaired by litigation in the Hidalgo Court. Here, CFS is seeking a declaration that Leibowitz is obligated to pay to CFS its post-judgment costs and attorneys fees. On the other hand, CFS moved to intervene in the Hidalgo Court action to assert its interest in Defendants' contingent fee based on the New York judgment. Defendants are seeking a stay with regard to collection on the New York judgment in Texas until full faith and credit is extended to that judgment.

Assuming that this Court has jurisdiction to consider CFS's claim for post-judgment attorneys fees, a stay in Texas does not appear to be "necessary" to this Court's adjudication of the issue presented in the Complaint.

CFS goes on to argue that Defendants are litigating matters in Texas that arise from loan documents which provide for exclusive jurisdiction in federal or state courts located in Erie County, New York. They urge that protection of the forum selection clauses is sufficient grounds for an injunction. I have reviewed the authority cited by CFS and find

it is distinguishable in two compelling ways.

First, in each of the cases on which CFS relies, the defendant in the federal action affirmatively commenced an action or proceeding in a foreign jurisdiction. Here, on the other hand, CFS invoked the Hidalgo Court's jurisdiction by moving to intervene. Defendants took responsive action, by moving to intervene, interposing defenses, and seeking relief. So, even accepting CFS's characterization of the forum selection clauses for purposes of this motion, it was CFS that invoked the "foreign" jurisdiction, not Defendants.

Second, each of the cited forum selection cases involved litigation commenced in a foreign nation, not a state. Thus, there was no need to consider the impact of the Anti-Injunction Act, which must be taken into account here. Accordingly, I find CFS's reliance on these cases unpersuasive.

Additionally, I note that the Second Circuit has adopted a two-step analysis when considering whether to enjoin "foreign" litigation: (1) the parties must be the same in both matters, and (B) resolution of the case before the enjoining court must be dispositive of the action to be enjoined. A.P. Moller-Maersk v. Ocean Express Miami, 590 F. Supp. 2d 526, 532 (S.D.N.Y. 2008). As best this Court can discern, there are additional parties in the Texas action, as neither CFS nor Defendants were original parties. And even assuming the parties now are the same, it does not appear that this Court's resolution of the Complaint before it, involving CFS's alleged entitlement to post-judgment costs and fees, will be dispositive of the dispute in the Hidalgo Court over CFS's security interest in Defendants' attorneys' fees.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request for a temporary restraining order will be denied.

## V. ORDERS

IT HEREBY IS ORDERED, that Plaintiff Counsel Financial Services, LLC's Motion for Expedited Treatment of its Motion for Temporary Restraining Order (Docket No. 20) is GRANTED.

FURTHER, Plaintiff's Motion for Temporary Restraining Order (Docket No. 17) is DENIED.

SO ORDERED.

Dated: March 18, 2010
      Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
Chief Judge
United States District Court